IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DICTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **LAWRENCE DAVIS,** § | Civil Action No. 4:22-cv-1562 |
| *Plaintiffs* § | |
| § | |
| **v.** § | |
| § | |
| **DOW CHEMICAL COMPANY AND** § | |
| **UNITED STEELWORKERS LOCAL** § | |
| **NO. 13-1** § | |
| *Defendants* § | |

## PLAINTIFF ORIGINAL PETITION FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Lawrence Davis ("Plaintiff" or "Mr. Davis"), by and through his undersigned counsel, Daniel, Williams & Associates, PLLC, and files this Original Petition for Damages against Defendant's, Dow Chemical Company ("Employer") and United Steelworkers Local No. 131 ("Union") and, and hereby alleges as follows:

## JURISDICTION AND VENUE

1. This court has subject matter under 29 U.S.C. §§ 159, 185, 401, 412, 501, and various other federal collective bargaining statutes.

2. Suits for violation of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy and without regard to the citizenship of the parties 29 U.S.C. §185.

3. Venue is proper in the Southern District of Texas, Houston Division, because a substantial part of the acts and conduct charged herein occurred in this district. District courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization

maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members. 29 U.S.C. § 185.

## PARTIES

4. LAWRENCE DAVIS, formerly employed by Dow Chemical Company ("Employer"); a person of full majority and resident of the State of Louisiana.

5. UNITED STEELWORKERS LOCAL NO. 131 is a non-profit corporation formed under the laws of the State of Texas, with a local chapter in Harris County. The Union may be served with a copy of this pleading through its registered agent, Mr. Larry Burchfield, at 1300 Rollingbrook Dr., Suite 504, Baytown, Texas 77521.

6. Employer, DOW CHEMICAL COMPANY, is a corporation that does business throughout Texas and the United States. Employer may be served with a copy of this pleading through its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## FACTS

7. Employer employed Mr. Davis to work as a Process Technician at its Dow Chemical facility in Deer Park, Texas, beginning June 18, 2018, until his termination date on May 14, 2020.

8. On or about June 2018, Mr. Davis joined the United Steelworkers Union Local No. 131.

9. On or about October 24, 2019, Mr. Davis injured his left wrist during a fire training on the Employer's premises. Mr. Davis filed a Worker's Compensation claim shortly thereafter.

10. On or about October 25, 2019, Mr. Davis went to the worker's compensation doctor for x-ray and was placed on light duty work status.

11. Beginning on or about December 2019, Mr. Davis started physical therapy for his wrist injury.

12. Frustrated with his disability, on or about February 3rd and 5th, 2020, representatives of the Employer, Brent Talley ("Talley") and Jack Hughes ("Hughes"), made hostile comments

towards Mr. Davis regarding work performance and said things like, "stupid, ignorant, mother******, d*** fool," while under representatives' supervision.

13. On or about February 6, 2020, Mr. Davis reported the hostile comments to Employer's representative Nicholas Miller ("Miller").

14. On or about February 9. 2020, Mr. Davis received his second erroneous and retaliatory write-up from Employer for his alleged failure to follow valve clearing procedures.

15. On or about February 11, 2020, Mr. Davis reinjured his wrist when he was forced to work under strenuous conditions despite his doctor ordering him to be placed on light duty status.

16. On or about February 12, 2020, Mr. Davis filed an EEOC charge 460-2020-02490 for disability discrimination and retaliation.

17. On or about April 24, 2020, Mr. Davis was released from doctor's care by Global Health Consultants, with a surgical recommendation.

18. On or about April 26, 2020, Mr. Davis was knowingly and purposefully assigned an incomplete job by Brent Talley ("Talley"). Jack Hughes ("Hughes") told Mr. Davis about the incomplete job, to which Mr. Davis had no control.

19. On or about May 8, 2020, Mr. Davis was requested to meet Miller regarding a badge deactivation. During this time Miller questioned Mr. Davis regarding the April 26, 2020, incident, with his Union Representative Vince Fields ("Fields") present.

20. Mr. Davis was placed on investigative leave with pay and was advised he would receive a phone call update.

21. On or about May 14, 2020, Human Resource representative Daniel Negrotto ("Negrotto") contacted and terminated Mr. Davis from Employment.

22. On or about May 14, 2020, Mr. Davis filed an EEOC charge 460-2020-03918 for Disability, Retaliation, and Discrimination.

23. On or about May 19, 2020, Mr. Davis contacted Fields regarding his termination, and he was assured by Fields that the union would file a grievance.

24. Mr. Davis was never notified or updated on whether a grievance was ever filed.

25. On or about May 20, 2020, Mr. Davis filed an EEOC charge 460-2020-03918 for Disability, Retaliation, and Discrimination.

26. On or about the end of May - beginning of June 2020 - after not hearing anything from Fields for almost two (2) or three (3) weeks, Mr. Davis contacted Fields for an update and Fields told Mr. Davis that they were working on it and instructed him to go pick up some things left in his locker.

27. On or about the middle of June 2020, after receiving no follow up from Fields, Mr. Davis contacted Fields and Fields told Mr. Davis, "It's not looking good."

28. On or about August 4, 2020, Mr. Davis received his notice for a right to sue.

## LAW & ARGUMENT

Plaintiff incorporates by reference the allegations in the preceding paragraph, his sworn statement, and he further adds the following in support of the following claims against Defendant's:

### *Breach of Contract*

29. Mr. Davis brings this civil action against Defendant Union for breach of contract and breach of a duty of fair representation in violation of the National Labor Relations Act. The Union acted arbitrarily and capriciously by not acting in a diligent manner during the appeal process entitled to the Plaintiff per the Union Contract. Plaintiff states that once he was terminated, he

was told by his Union representative that actions would be taken, however, actions were not taken as Mr. Davis was never notified of the filing or adjudication of the same after requesting a status on multiple occasion.

30. Furthermore, the Union acted arbitrarily and/or in bad faith by telling Mr. Davis that a grievance would be filed. For weeks, however, Mr. Davis on multiple occasions contacted the Union, because the Union failed to update or notify Plaintiff regarding his progress of his appeal. The Union did nothing to try to gather facts, records, and so on for Mr. Davis' appeal. The duty of fair representation imposes an obligation for Union to investigate in good faith. The Union's actions detailed above constitutes a breach of the duty of fair representation because the Unions failure to investigate, notify, and update Mr. Davis regarding the grievance is proof the Union failed to act in good faith.

### *Breach of Fiduciary Duty to A Union Member*

31. By failing to protest the procedures used by Employer and otherwise failing to protect the interest of Mr. Davis, the Union breached its fiduciary duties to Mr. Davis. Mr. Davis joined the Union shortly after becoming employed by Employer in order to receive certain benefits and support when dealing with his Employer. The Union failing to take adequate action when Mr. Davis was wrongfully written up and terminated by Employer. Additionally, the Union subsequently failed to support Mr. Davis when he requested the Union investigate and file a grievance on the matter.

### *Negligent Hiring & Retention*

32. Employer acted negligently when it failed to take any steps to mitigate the circumstances that Mr. Davis was subjected to when reported. Employer failed to take reasonable actions when Mr. Davis made complaints to the manager's regarding other employees' discrimination,

retaliation.  The Employer also failed to handle circumstances by investigating other Employee representatives, when Mr. Davis was erroneously questioned regarding work performance, and it was made aware to the Employer that Mr. Davis was not in-fact to blame for the incident in question.

### *ADA Discrimination*

33. Employer discriminated against Mr. Davis after he became disabled due to a work injury when Employer started treating Mr. Davis differently than non-disabled employees.  Mr. Davis injured his wrist while on training with Employer and was placed light work status by a doctor.  Once on light work status, the Employer's frustration manifested itself verbally when its representatives started making derogatory and inaccurate comments regarding Mr. Davis's work performance as well as knowingly, purposefully, assigning and forcing him to complete assignments outside the scope of light duty ordered by his physician, which was affected by his injured wrist.

### *Worker's Compensation Retaliation*

34. Employer retaliated against Mr. Davis after he filed a Worker's Compensation claim following the injury to his wrist.  Worker's Compensation doctor placed Mr. Davis on light work status.  The employer continued to intentionally and capriciously assign Mr. Davis different tasks that were outside of his light work status, causing him to reinjure his wrist.

### **PRAYER**

35. Plaintiff respectfully requests that judgment be entered against Defendant's, awarding damages for:

    a. Lost wages in the past and in the future;

b. Lost benefits in the past and in the future;

c. Pain and suffering in the past and in the future;

d. Punitive damages

e. Compensatory damages

f. Reasonable and necessary attorneys' fees, costs and expenses of this action; and

g. Such other a further relief as may be awarded by law.

Respectfully Submitted,

DANIEL, WILLIAMS, ASSOCIATES PLLC

By:       */s/Helen M. Daniel*
     Helen Daniel, Attorney-in-Charge
     Federal Bar No. 1026095
     h.daniel@danielwilliamslaw.com
     Kathryn Williams
     Federal Bar No. 1384795
     k.williams@danielwilliamslaw.com
     2201 Hermann Drive
     Houston, Texas 77004
     Telephone: (713) 229-9997
     Facsimile:  (281) 501-6777

**ATTORNEYS FOR LAWRENCE DAVIS**